```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:22-CR-81-DCB-FKB-1

COURTNEY LAMAR FORBES                                         DEFENDANT

## ORDER DENYING MOTION IN LIMINE

BEFORE THE COURT is the Government's Omnibus Motion in Limine [ECF No. 20]. A grand jury indicted Courtney Lamar Forbes ("Defendant") on July 6, 2022, for violating 18 U.S.C. § 922(g), Possession of a Firearm by a Prohibited Person. [ECF Nos. 3, 3-1, 3-2]. This case is set for trial on November 7, 2022. The Government has filed one motion in limine, which the Court now addresses:

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods, Inc., 499 F. Supp. 3d 297, 299 (S.D.

1

Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

In its motion, the Government asks the Court to preclude Defendant "from mentioning, eliciting from any witness, or attempting to elicit from any witness, information relating to the presence or absence of any particular person on the Government's witness list, or the Government's plan to call or not call a particular witness." [ECF No. 20] at 1. Recently, the Court addressed a substantively identical motion in limine filed by the Government in United States v. Crossley, No. 5:21CR5-DCB-FKB, 2022 WL 4111879 (S.D. Miss. Sept. 8, 2022). The Court's reasoning in Crossley is equally applicable in this case.

As in Crossley, the Government has identified no particular witness whose presence or absence it wishes to prohibit the defense from mentioning at trial. Id. On the record currently before the Court, it is impossible to analyze the appropriateness of any argument about the presence or absence of a witness on the Government's witness list. See, e.g., United States v. Ward, No. 5:19-CR-3-KHJ-LGI, 2021 WL 2463571, at *2 (S.D. Miss. June 16, 2021) ("Because the Government has identified no particular witness whose absence it seeks to preclude [defendant] from mentioning, the Court will not place a blanket prohibition on the mention of such witnesses until it is

2

possible to determine whether a witness is 'equally available to both parties.'")(quoting United States v. Heard, 709 F.3d 413, 421 (5th Cir. 2013)).

Accordingly, the Government's Omnibus Motion in Limine is DENIED without prejudice.  [ECF No. 20].

SO ORDERED this 25th day of October 2022.


                                                 /s/    David Bramlette
                                          UNITED STATES DISTRICT JUDGE